# Exhibit A

*Recd 8/2/25*
1st Copy- Defendant                    3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>25-011723-CZ<br>Hon.Kevin J. Cox |
|---|---|---|

*c 11:15 a.m. est*
*Timothy Barnes*
*OC413-0300483*

Court telephone no.: 313-224-5487

| Plaintiff's name(s), address(es), and telephone no(s)<br>Lopez, Sotero M | v | Defendant's name(s), address(es), and telephone no(s). *248-957-0299*<br>BANK OF AMERICA, N. A.  *served in person* |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Sotero M Lopez<br>PO Box 40261<br>Redford, MI 48240 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case

☑ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.          **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/30/2025 | Expiration date*<br>10/29/2025 | Court clerk<br>Ibrahim Islam |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)          **SUMMONS**          MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

SUMMONS

Case No. : **25-011723-CZ**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | | Date and time of service |
|---|---|---|
| Place or address of service | | |
| Attachments (if any) | | |

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____
Attachments (if any)                                                            Date and time

_____ on behalf of _____.

Signature
_____

MCL 600.1910, MCR 2.104, MCR 2.105

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**
Third Judicial Circuit – Civil Division
2 Woodward Avenue, Detroit, MI 48226

---

**SOTERO M. LOPEZ III,**
 Plaintiff,

**Mailing Address**:
℅ P.O. BOX 40261
Redford Charter Township, MI 48240
(586) 565-0977

—vs—

**BANK OF AMERICA, N.A.,**

100 N Tryon St, Charlotte, NC 28202

**MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,**

One Bryant Park, New York, NY 10036

**THE BANK OF NEW YORK MELLON,**

as Indenture Trustee,
 240 Greenwich Street, New York, NY 10286
 Defendants.

**Prior or Related Cases:** There are no prior, pending, or related cases involving the same parties, facts, or issues currently before this or any other court.

**Case Code Number.:** CZ

**Case No.:** _To be assigned.._

---

**VERIFIED CIVIL COMPLAINT FOR DAMAGES, FORENSIC AUDIT, DECLARATORY RELIEF, AND EQUITABLE REMEDIES**

**Private Cussip No. SML-072924-MI-CVBOA100M**

**Document Control No. WAYNE-3RD-CIVIL-SML-VC-072924**

1

## I. INTRODUCTION AND NATURE OF ACTION

1. Plaintiff, a living man and Secured Party Creditor, brings this Verified Complaint in his capacity as Trustee and Executor over two validly constituted and lawfully recorded Trusts, both of which assert superior legal and equitable interest over financial instruments dishonored and accounts wrongfully exploited by Defendant financial institutions.

2. This Complaint arises out of Defendants' dishonor of lawful fiduciary payment instruments—including but not limited to a Bill of Exchange and Promissory Notes—as well as their failure to disclose or account for profits, securitization, or tokenization of Plaintiff's trust-backed deposits and personal data since 2015.

---

## II. PARTIES

3. **Plaintiff** is the Executor and Trustee of:

   ○ **Sotero Montellano Lopez III Irrevocable Living Trust** (Wayne County recorded)

   ○ **Succor International Ecclesiastical Foreign Non-Grantor Trust** (UK-domiciled)

   ○ Plaintiff appears in his private and fiduciary capacity as Executor and Trustee of the trusts named herein. He has full legal capacity to bring this action on behalf of the Trusts under Michigan law, UCC Article 9, and private trust declarations previously recorded in the Wayne County Register of Deeds and internationally domiciled under ecclesiastical jurisdiction.

4. **Defendant Bank of America, N.A.** is a national bank and depositary institution regulated by the OCC and governed under federal and Michigan banking laws.

5. **Defendant Merrill Lynch**, a subsidiary of Bank of America, refused to open a trust account for Plaintiff despite full compliance with disclosure and due diligence, offering no remedy or lawful justification.

6. **Defendant Bank of New York Mellon**, as **Indenture Trustee**, holds fiduciary and custodial duties over financial instruments, including those generated or derived through Plaintiff's accounts and identifiers.

---

## III. JURISDICTION AND VENUE

7.  Jurisdiction is proper pursuant to MCL § 600.605 and Article I, §§ 1, 2, 17, and 23 of the Michigan Constitution.

8.  Venue is proper in Wayne County under MCL § 600.1621, as the events giving rise to this action occurred within this jurisdiction.

## IV. STATEMENT OF FACTS

Plaintiff, **Sotero M. Lopez III**, has continuously maintained a financial relationship with **Bank of America, N.A.** since approximately **2015**, during which time he has held one or more accounts both in his private capacity and as Trustee of a lawfully constituted and recorded private trust.

These accounts include but are not limited to:

- A **Personal Checking Account** ending in ***2597

- A **Revocable Trust Checking Account** ending in ***6466

- Other past accounts subsequently closed or renamed by the Defendant without full disclosure to the Plaintiff.

These accounts were opened and maintained in good faith, using funds, identification, and trust documentation lawfully issued and controlled by Plaintiff, who retained all equitable and legal rights to the proceeds, ledger balances, and associated data arising therefrom.

From **2015 to the present**, Plaintiff reasonably believes that the funds and associated account data were utilized by Defendant Bank of America for:

- **Fractional reserve lending** and **internal liquidity creation**

- **Securitization** of account flows into trust-backed instruments or **pass-through vehicles**

- **Blockchain-based trials or tokenization** of deposit information and trust data—without Plaintiff's knowledge or informed consent.

Despite the fiduciary character of trust-related assets and the contractual obligations owed to Plaintiff as a depositor and secured party, **Bank of America failed to provide any forensic accounting, beneficiary reporting, or profit-sharing disclosures**, effectively insulating the Defendant from liability while generating profits from unreported economic use of Plaintiff's trust estate.

On multiple occasions, most recently on or about **June 26, 2025**, Plaintiff lawfully executed and tendered a package of fiduciary payment instruments to Bank of America, which included:

3

- A properly formatted and notarized **Bill of Exchange**

- A **Security Agreement** pledging collateral from Plaintiff's private trust

- A **Promissory Note** invoking lawful tender rights under **12 U.S.C. § 411–412**, Public Law 73-10 (HJR-192), and Plaintiff's perfected security interest under the **Michigan UCC**

These instruments were dishonored by Bank of America **without issuance of any notice of deficiency, protest, or legal rebuttal**. The failure to return or respond to these instruments with lawful reason or counter-offer constitutes:

- **Dishonor in commerce under UCC § 3-505 and § 3-503**

- **Commercial fraud by silence** under equity and fiduciary law

- **Violation of the Truth in Savings Act (12 U.S.C. § 4301)**

**Merrill Lynch, Pierce, Fenner & Smith**, a wholly owned subsidiary of Bank of America, further **aggravated damages and breached fiduciary obligations** by **refusing to open a trust account** for Plaintiff. This refusal was made despite:

- Proper submission of trust documentation, EIN, and fiduciary authorization

- Clear presentation of the lawful purpose, which included commercial administration of trust-backed instruments

Merrill Lynch **provided no legal justification**, no opportunity for corrective action, and **explicitly advised Plaintiff to seek service from another financial institution**, effectively **denying Plaintiff equitable access to his own financial instruments** and obstructing lawful trust operations.

Defendant **Bank of New York Mellon**, acting in its capacity as **Indenture Trustee** over numerous investment-grade instruments and mortgage-backed securities, has a legal obligation to account for and disclose any instruments or securities originated, derived, or collateralized using Plaintiff's:

- Name and identifying information

- Social Security Number ending in \*\*\*6848

- Trust EIN(s), account numbers, and authorized fiduciary endorsements

Despite this obligation, Bank of New York Mellon has failed to provide any form of accounting, disclosure, or transparency regarding the potential use or custody of Plaintiff's instruments,

4

thereby **obstructing lawful trust audits** and **hindering Plaintiff's ability to claim value derived from such instruments**.

Plaintiff maintains that all assets held, issued, or generated from the above financial relationships are the lawful property of the Trusts he represents and are now protected under:

- **Recorded UCC-1 Financing Statements** filed with the Michigan Secretary of State

- Common law principles of **constructive trust and fiduciary duty**

- Michigan Constitution, Article I §§ 2, 17, and 23

- Federal statutes and international financial conventions regulating custodial obligations, investor rights, and transparency in the issuance of securities

---

## V. CAUSES OF ACTION

Plaintiff brings this action for damages, forensic investigation, injunctive relief, and declaratory recognition of fiduciary rights arising from Defendants' dishonor of negotiable trust instruments, concealment of monetized financial data, and misuse of personal identifiers. Plaintiff seeks $100 million in damages and judicial enforcement of his secured fiduciary standing.

### COUNT I – COMMERCIAL DISHONOR AND CONVERSION

**(Violation of UCC Articles 3, 8, and 9; 12 U.S.C. §§ 411–412; MCL 440.9102, 440.9503; Public Law 73-10)**

1. Plaintiff restates and incorporates all preceding paragraphs as if fully set forth herein.

2. Plaintiff lawfully issued and tendered a **Bill of Exchange**, **Promissory Note**, and **Security Agreement**, duly signed, notarized, and backed by:

- A perfected security interest under the **Michigan Uniform Commercial Code (UCC)**

- Trust collateral lawfully owned by the **Sotero Montellano Lopez Irrevocable Living Trust** and **Succor International Ecclesiastical Foreign Non-Grantor Trust**

- Lawful money authority under **12 U.S.C. § 411**, which provides that Federal Reserve Notes are redeemable in "lawful money" upon demand at the U.S. Treasury or Federal Reserve Banks

3. Pursuant to **UCC Article 3**, these instruments constitute **negotiable instruments** as defined under **MCL 440.3104**, and are enforceable under the **holder in due course doctrine** per **MCL 440.3302**.

5

4. Under **UCC § 3-505** and **§ 3-503**, a financial institution must either honor a negotiable instrument, issue a valid notice of dishonor, or present a lawful protest. **Bank of America failed to do any of the above**, resulting in dishonor by silence, commercial default, and presumptive dishonor under the Uniform Commercial Code.

5. This dishonor was further compounded by the **refusal to provide a cure period, deficiency notice, or commercial rebuttal**, in violation of basic good faith obligations under **UCC § 1-304**, which mandates that parties act honestly and fairly in all commercial dealings.

6. Plaintiff's perfected security interest in all underlying assets—including SSNs, EINs, trust instruments, deposit accounts, and future entitlements—has been **duly filed and recorded pursuant to MCL 440.9501 et seq.**, and recognized as valid under **MCL 440.9102** (secured party definitions) and **MCL 440.9503** (priority of security interest in instruments).

7. Defendant Bank of America converted Plaintiff's trust-backed instruments and refused lawful tender in violation of:

- The **Michigan UCC's Article 9** provisions on enforcement of instruments and payment obligations

- The **doctrine of conversion**, defined under Michigan common law as "an act of willful interference with the property of another inconsistent with the rights of the owner"

8. Furthermore, under **UCC Article 8**, if any trust-related account was used as the basis for securities issuance, pass-through trust formation, or custodial transfer of instruments, Plaintiff retains an "entitlement holder" position under **MCL 440.8102** and is owed both **accounting and delivery** of said assets or their proceeds.

9. Plaintiff explicitly invoked his right to tender payment in lawful money as established by **12 U.S.C. § 411–412**, reinforced by **Public Law 73-10 (House Joint Resolution 192 of 1933)**, which abrogated the gold standard but guaranteed the **right to discharge debt using negotiable instruments** without surrender of tangible property.

10. The dishonor of Plaintiff's Bill of Exchange and refusal to accept lawful tender violates the spirit and letter of HJR-192, which serves as a **statutory remedy for discharge of debts** through authorized instruments, especially when offered in good faith and under secured collateral.

11. As such, the failure of Defendants to accept or process Plaintiff's lawfully issued instruments constitutes:

- **Commercial dishonor** under the UCC

- **Conversion** of the Plaintiff's property rights in those instruments

- **Breach of fiduciary and statutory duties** owed under Michigan and federal banking law

- **Constructive fraud** by omission and concealment

12. Plaintiff has suffered substantial economic and reputational harm as a result of these acts, including loss of contractual opportunities, deprivation of trust access, denial of discharge rights, and obstruction of lawful commerce under UCC, state, and international standards.

---

## COUNT II – BREACH OF FIDUCIARY DUTY AND EQUITY

**(Violation of 12 CFR § 9.2, OCC Guidelines, Common Law Fiduciary Principles, and Equity Doctrines)**

**13.** Plaintiff restates and incorporates all prior paragraphs as if fully set forth herein.

**14.** Defendants **Bank of America**, **Merrill Lynch**, and **Bank of New York Mellon (as Indenture Trustee)** each owe a **fiduciary duty** to Plaintiff based on their respective roles as depository institution, trust administrator, and custodial securities trustee.

**15.** Under **12 CFR § 9.2**, national banks and affiliated trust institutions are held to the "**highest standards of care and loyalty**" in administering fiduciary relationships. This includes the **preservation, safekeeping, accounting, and transparent administration** of all trust assets, records, and instruments received in a fiduciary capacity.

**16.** Bank of America knowingly accepted fiduciary-related documents from Plaintiff, including trust declarations, tax identification information, and secured fiduciary instruments intended for lawful discharge of obligations. These were submitted in connection with the SOTERO MONTELLANO LOPEZ III IRREVOCABLE TRUST and the Succor International Ecclesiastical Foreign Non-Grantor Trust, both lawfully organized and recorded.

**17.** Rather than treat these trust-backed instruments with the requisite fiduciary care, Bank of America **dishonored and refused them without legal justification**, failed to safeguard the records, and provided no audit trail, cure period, or lawful rebuttal in accordance with fiduciary protocols.

**18.** The dishonor and disregard of these lawful tenders and trust authorities constitute a **failure to preserve trust property**, and an abdication of their duty to act in **good faith**, with **loyalty**,

7

and in the **best interests of the trust beneficiary** (Plaintiff), as required by both federal regulations and **common law fiduciary principles**.

**19.** In its role as Indenture Trustee, **Bank of New York Mellon** further violated fiduciary standards by failing to disclose whether securities, certificates, or collateralized instruments were created using Plaintiff's:

- Account balances or ledger history

- Trust EINs or personal identifiers

- Submitted financial instruments or negotiable items (e.g., Promissory Notes, Bills of Exchange)

**20.** The **Office of the Comptroller of the Currency (OCC)** mandates that institutions acting in a fiduciary capacity must adhere to written policies and procedures to ensure:

- Full documentation and accounting of trust assets

- Protection against misuse or misappropriation

- Delivery of accurate disclosures to fiduciary account holders (see OCC Fiduciary Activities Manual, Part I)

**21.** None of these safeguards were honored. Plaintiff was provided with **no audit, no reconciled ledger, and no justification** for the continued use or denial of trust instruments, which were backed by perfected UCC filings and enforceable under Michigan law.

**22.** Under **equity jurisprudence**, the maxim *"He who comes into equity must come with clean hands"* is controlling. Defendants cannot now seek to shield themselves from liability or judicial scrutiny when they have:

- Used Plaintiff's trust or financial assets for internal enrichment

- Refused lawful discharge of debts using lawful money instruments

- Failed to provide Plaintiff with the transparency, fiduciary records, or equitable treatment owed under public and private law

**23.** Furthermore, Defendants violated:

- **Michigan common law fiduciary standards**

- **Restatement (Third) of Trusts §§ 77–84**, which require care, skill, and prudence in asset handling

- **Michigan Constitution, Art I §§ 2 and 23**, which protect equality under the law and the inviolability of contract rights

**24.** Plaintiff's trust property, account identifiers, and fiduciary instruments were not just mishandled—they were **ignored, exploited, or converted without compensation**, constituting a breach of the **duty of loyalty, duty to disclose, duty of care**, and **duty to preserve**.

**25.** These breaches have resulted in substantial financial harm, loss of equitable remedy, and obstruction of Plaintiff's ability to administer the Trusts under natural law, international law, and the UCC framework.

---

## COUNT III – PRIVACY AND DATA MONETIZATION VIOLATIONS

(Violations of 15 U.S.C. § 6801 et seq. [Gramm-Leach-Bliley Act]; 16 CFR Part 313 [FTC Privacy Rule]; and Unlawful Use of SSN, EIN, and Trust Identifiers)

**26.** Plaintiff incorporates by reference all preceding allegations as if fully stated herein.

**27.** Beginning in or around 2015 and continuing through the present, Plaintiff has maintained multiple personal and fiduciary accounts with **Bank of America, N.A.**, and has submitted legally protected identifying and trust information to Defendants for the purpose of conducting lawful banking and trust operations.

**28.** These identifiers include:

- Social Security Number ending in ***6848

- EINs and Trust Instruments issued for the **SOTERO MONTELLANO LOPEZ III IRREVOCABLE TRUST**

- Trust EINs, signatures, and declarations tied to the **Succor International Ecclesiastical Foreign Non-Grantor Trust**

**29.** These are **non-public personal information (NPI)** under federal law and are protected by the **Gramm-Leach-Bliley Act (GLBA)**, 15 U.S.C. § 6801 et seq., which prohibits financial institutions from disclosing or reusing consumer financial data for unauthorized or undisclosed commercial purposes.

**30.** Defendant Bank of America, and/or its subsidiaries and affiliates (including Merrill Lynch), **failed to obtain lawful consent**, failed to issue required privacy disclosures, and used Plaintiff's personal and trust data for unauthorized financial activities, including but not limited to:

- Internal **ledger matching and deposit leveraging**

9

- **Securitization** of account flows into pass-through instruments or investment-grade securities

- **Creation or issuance of digital instruments**, including tokens, smart contracts, or blockchain-based assets

- Assignment of private data to **CUSIP-linked or trust-linked securities** sold or managed through external custodians (e.g., the Bank of New York Mellon)

**31.** Under **16 CFR Part 313**, also known as the **FTC Privacy Rule**, Bank of America was obligated to:

- Provide **clear and conspicuous notice** of its privacy practices at the time of account opening

- Deliver an **opt-out mechanism** prior to the sharing of any personal data with affiliates or third-party processors

- Refrain from **repurposing** Plaintiff's data for securities issuance or monetization without written authorization

**32.** Plaintiff **never consented** to the use of his name, SSN, EIN, trust instruments, or account metadata for the creation of:

- **Mortgage-Backed Securities (MBS)**

- **Asset-Backed Securities (ABS)**

- **Stablecoins or tokens** on any blockchain platform

- **Internal investment pools or derivative instruments**

**33.** Defendants' use of Plaintiff's identifiers for such purposes constitutes a **violation of Plaintiff's financial privacy**, as well as a **commercial trespass** on his secured property and legal identity. The **conversion of NPI into monetized instruments without equitable sharing or disclosure** is both unlawful and inequitable.

**34.** Furthermore, should any of Plaintiff's trust information, SSN, or account data be discovered in connection with CUSIP registrations, blockchain transactions, or third-party investment reports, Plaintiff asserts a **constructive lien and equitable ownership** over such instruments, including all profits and residuals derived therefrom.

**35.** Defendants' conduct further violates:

- The **Michigan Identity Theft Protection Act (MCL 445.61 et seq.)**, which prohibits the unauthorized use of personal identifying information for commercial benefit

- **Michigan's Consumer Protection Act (MCL 445.903)**, which outlaws unfair, deceptive, or misleading practices in trade or commerce

- The **Michigan Constitution**, Article I §§ 2 and 17, which protect individual privacy, property, and access to due process

**36.** Plaintiff has reason to believe that Defendants used his data for:

- Participation in **digital asset trials** (e.g., FedNow, JPM Coin, Ethereum-based experiments)

- Funding or backing **internal institutional trades or liquidity instruments**

- Assigning data as part of **institutional risk metrics** or **insurance pools**

**37.** Plaintiff has not received:

- Any annual privacy notices required under **GLBA regulations**

- Any access logs, accounting disclosures, or tracking reports

- Any accounting or compensation for the monetization of his trust-backed personal and financial information

**38.** As a direct and proximate result of these unauthorized disclosures and commercial exploitations, Plaintiff has suffered:

- Economic harm through unjust enrichment of Defendants

- Deprivation of trust capacity and fiduciary standing

- Emotional distress related to data misuse and institutional retaliation

- Loss of access to equitable commercial relationships

11

## COUNT IV – FRAUDULENT CONCEALMENT / MISREPRESENTATION

**(Based on Unauthorized Use of Trust Assets, Material Omission, and Deceptive Conduct – MCL 600.5805(10))**

**39.** Plaintiff restates and incorporates all preceding allegations as if fully set forth herein.

**40.** Defendants **Bank of America**, **Merrill Lynch**, and **Bank of New York Mellon** engaged in a pattern of conduct that constitutes **fraudulent concealment**, intentional misrepresentation, and omission of material facts regarding the nature and usage of Plaintiff's accounts, trust data, and financial instruments.

### A. Fraudulent Concealment in Securitization and Blockchain Activity

**41.** Beginning in or around 2015 and continuing through the present, Bank of America engaged in undisclosed use of Plaintiff's deposits, trust-linked accounts, and personal identifiers—including SSN, EINs, and trust data—for:

- **Securitization** into Asset-Backed Securities (ABS), Mortgage-Backed Securities (MBS), or other investment-grade derivatives

- **Blockchain applications,** such as smart contracts, tokenized ledger entries, and participation in distributed ledger financial platforms

- **Internal risk modeling,** fractional reserve leveraging, or creation of "off-book" instruments involving Plaintiff's trust data and signatures

**42.** These uses were never disclosed to Plaintiff in any form—written, verbal, contractual, or otherwise—despite the fiduciary and confidential nature of the information used. Defendants failed to provide:

- A copy of any prospectus or offering memorandum

- Notice of risk, redistribution, or revenue derived from securitization

- Opportunity for Plaintiff to opt out, be compensated, or withhold consent

**43.** This silence constitutes **fraudulent concealment** under **MCL 600.5805(10)**, which tolls the statute of limitations when a defendant fraudulently conceals "the existence of the claim or the identity of any person who is liable."

**44.** Plaintiff did not and could not have discovered the full extent of these concealments until recent years, when investigation and forensic review revealed patterns consistent with unauthorized monetization, denied access to trust accounts, and the commercial dishonor of lawfully issued fiduciary instruments.

## B. False Representations by Merrill Lynch Regarding Trust Account Eligibility

**45.** Plaintiff, acting as Trustee of validly recorded trusts, approached **Merrill Lynch, Pierce, Fenner & Smith Incorporated** to open a **fiduciary investment account** consistent with the purposes of the trust, to administer lawful assets and financial instruments.

**46.** Merrill Lynch falsely represented that Plaintiff was "ineligible" to open such an account, without:

- Reviewing the full set of trust documents

- Offering alternative eligibility pathways

- Providing a written explanation or legal authority for the denial

**47.** The refusal to open the account was not only arbitrary but **intentionally deceptive**, as Merrill Lynch:

- Regularly opens trust accounts for high-net-worth clients

- Maintains internal risk programs that benefit from client deposits, even if trust status is disputed

- Has previously accepted similar documents and EIN-backed accounts without objection

**48.** By denying Plaintiff access without due process or remedy, Merrill Lynch **intentionally misrepresented its compliance policy**, while simultaneously concealing the commercial interest it may have had in denying access to trust-backed lawful tender instruments.

**49.** Merrill Lynch's statements and omissions were material to Plaintiff's trust planning and investment strategy, and induced reliance upon false premises—namely, that Plaintiff was unqualified or unable to use his own lawfully created trust estate.

## C. Legal and Equitable Violations

**50.** The actions of all Defendants constitute:

- **Fraudulent concealment** under **MCL 600.5805(10)**, which tolls the applicable statute of limitations until the fraud is discovered or should have been discovered with reasonable diligence

- **Constructive fraud**, based on breach of duty arising from fiduciary relationships

- **Negligent misrepresentation**, based on the failure to disclose material facts where a legal duty exists

13

- **Unjust enrichment**, as Defendants derived profit from concealment of Plaintiff's rights and assets

- **Deprivation of trust access and commercial due process**, in violation of Plaintiff's contractual and constitutional rights

51. As a direct and proximate result, Plaintiff has suffered:

- **Loss of equitable commercial standing**

- **Damage to trust reputation and fiduciary credit**

- **Economic harm from denied opportunities and financial access**

- **Ongoing deprivation of lawful remedy, audit, and restitution**

## COUNT V – EQUITABLE AND INJUNCTIVE RELIEF

(Demand for Forensic Audit, Asset Tracing, Declaratory Recognition, and Judicial Enforcement of Trust Rights)

52. Plaintiff restates and incorporates all prior paragraphs as if fully set forth herein.

53. Plaintiff, acting as **Trustee and Secured Party Creditor** of the **SOTERO MONTELLANO LOPEZ III IRREVOCABLE TRUST** and the **Succor International Ecclesiastical Foreign Non-Grantor Trust**, seeks comprehensive **equitable and injunctive relief** to compel transparency, enforce fiduciary obligations, and affirm rightful ownership of assets and value derived from Plaintiff's trust-based financial relationships with Defendants.

### A. Demand for Forensic Audit

54. Plaintiff requests that this Court issue an order compelling **Bank of America, Merrill Lynch,** and **Bank of New York Mellon** to submit to a **full forensic audit and data transparency review** regarding:

- All accounts ever opened under Plaintiff's name, SSN ending in ***6848, or trust EIN(s)

- All internal ledger transactions, ledger-to-ledger transfers, and matching deposit entries

- Use of fractional reserve multipliers or leverage ratios involving Plaintiff's deposits

- All securities, investment products, or derivatives that trace back to Plaintiff's accounts

- Any blockchain, tokenization, or distributed ledger use of Plaintiff's data, identity, or account history

55. Defendants have failed to provide any of the above records despite multiple lawful requests, and have instead concealed material financial transactions and profit mechanisms, violating fiduciary transparency obligations and Plaintiff's rights under equity and law.

**B. Return and Accounting of Tokenized and Securitized Profits**

56. Plaintiff further seeks a **court-supervised accounting and restitution** of all profits, earnings, interests, dividends, residuals, or derivative value generated through:

- Securitization of deposits or account cash flows

- Issuance or sale of investment-grade securities backed by trust or personal identifiers

- Creation of digital assets, tokens, or NFTs linked to Plaintiff's financial data

- Use of Plaintiff's trust status or EIN in blockchain smart contracts or distributed ledgers

57. Plaintiff demands a detailed reconciliation of:

- **CUSIP numbers**, ISINs, or other identifying codes

- **Issuance and sale dates**, counterparty information, and underwriting documentation

- **Ledgers showing all proceeds**, current holder locations, and reserve balances

- **Depository Trust Company (DTC), Federal Reserve**, or clearinghouse involvement

- Any continuing interest or "off-book" profit mechanisms such as float income, investment pools, sweep accounts, or internal derivatives

58. These remedies are consistent with equitable doctrines of **constructive trust**, **accounting for profits**, and **unjust enrichment**, all of which empower this Court to trace and order the return of value wrongfully withheld from the Plaintiff and his trust estate.

**C. Declaratory Recognition of Plaintiff's Trust as Lawful Owner and Holder in Due Course**

59. Plaintiff respectfully requests that this Court enter a **declaratory judgment** affirming the following:

- That Plaintiff's trusts are the **legal and equitable owners** of all instruments, accounts, and value connected to Plaintiff's identity, trust EIN(s), SSN, and authorized financial transactions

- That Plaintiff, as **Trustee and Secured Party Creditor**, is a **holder in due course** of the lawfully issued negotiable instruments submitted to Bank of America and Merrill Lynch

15

under UCC Articles 3 and 9

- That the **Bill of Exchange, Promissory Note, and Security Agreement** lawfully issued and dishonored without cause are valid and enforceable under both state and federal commercial law

- That Plaintiff is entitled to receive all proceeds, trust data, securities information, or tokenized ledger records relating to said instruments or financial accounts, whether on traditional or distributed ledger systems

60. Equitable relief is necessary and appropriate in this case because:

- Plaintiff's rights have been systematically disregarded or ignored

- Legal remedies alone (e.g., monetary damages) are insufficient without access to the withheld data and trust account records

- Defendants' ongoing concealment of commercial data frustrates Plaintiff's ability to administer his trust estate, safeguard his financial identity, and pursue lawful enforcement of secured instruments

---

## VI. RELIEF REQUESTED

Plaintiff respectfully demands:

1. **Judgment in the amount of $100,000,000.00** against all Defendants, jointly and severally.

2. An **order for full forensic audit** of all accounts, CUSIP-linked instruments, blockchain transactions, and data use since 2015.

3. **Declaratory judgment** recognizing the enforceability of Plaintiff's trust-backed financial instruments.

4. **Permanent injunction** against further data exploitation, dishonor of trust instruments, or denial of trust account access.

5. **Compensatory damages, treble damages**, and **attorney's fees** under MCL § 445.903 and federal privacy laws.

6. All other relief in law or equity this Court deems just.

---

## VII. RESERVATION OF RIGHTS

All rights are expressly and unequivocally reserved under the Uniform Commercial Code, natural and international law, and principles of equity, without prejudice and without the intention to waive any lawful remedy or defense.

Under **UCC § 1-308**, Plaintiff reserves the right to **not be deemed to have waived any rights or remedies** by virtue of performance, acquiescence, or silence in the face of commercial dishonor, fraud, or breach. This reservation preserves Plaintiff's standing to demand full enforcement of fiduciary duties, lawful contract terms, and secured party protections, even where transactions have proceeded under objection or protest.

Pursuant to **UCC § 1-103.6**, the Uniform Commercial Code is to be supplemented by the **principles of equity, common law, and natural justice**, including but not limited to:

- The duty of good faith and fair dealing

- Fiduciary responsibility and fair disclosure

- Remedies in trust, restitution, and constructive fraud

These principles govern the interpretation, performance, and enforcement of all instruments, security agreements, and fiduciary obligations relevant to this complaint.

Plaintiff also invokes rights and standing under **natural law,** including the inherent right to property, privacy, contract, and non-commercial use of one's name, identity, and trust estate without coercion or commercial conversion. Under **Lex Mercatoria** (the Law Merchant), no party may gain by fraud, concealment, or abuse of power in commerce.

Further, Plaintiff reserves protections under **international law**, including but not limited to:

- The **Universal Declaration of Human Rights (UDHR)**, Articles 8, 17, and 19

- The **International Covenant on Civil and Political Rights (ICCPR)**, Articles 2 and 17

- Treaty obligations binding on the United States to uphold justice, private property, and protection from unlawful interference

This reservation ensures that all administrative, commercial, and judicial proceedings initiated or defended by Plaintiff are fully protected by **multi-jurisdictional legal authorities**, and that **no presumption, assumption, or procedural default shall operate to extinguish Plaintiff's claims, titles, or standing.**

All presentments, tenders, declarations, and filings are made under this full reservation of rights **nunc pro tunc**, in honor, without prejudice, and with express demand for remedy in both law and equity.

17

**VERIFICATION AND AFFIDAVIT**

I, Sotero M. Lopez III, the undersigned, hereby verify under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Executed this 29th day of July, 2025
at Redford Charter Twp, Michigan.
    Livonia

By: Sotero M. Lopez III ©™
**Sotero M. Lopez III**
Executor & Trustee
Succor International Ecclesiastical Foreign Non Grantor Trust

---

## NOTARY ACKNOWLEDGMENT

**State of Michigan**
**County of Wayne**

On this 29th day of July, 2025, before me, the undersigned Notary Public, personally appeared **Sotero M. Lopez III**, known to me (or satisfactorily proven) to be the living man whose name is subscribed to the foregoing Verified Complaint, and acknowledged that he executed the same in his authorized capacity as **Executor and Trustee** of the **Sotero Montellano Lopez III Irrevocable Living Trust** and the **Succor International Ecclesiastical Foreign Non-Grantor Trust**, and that by his signature on the instrument, the Trusts executed the Verified Complaint.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

**Notary Public Signature**

**My Commission Expires**: 11 - 21 - 2028

> **ALEXANDRA BELLE**
> NOTARY PUBLIC - STATE OF MICHIGAN
> COUNTY OF WAYNE
> My Commission Expires November 21, 2028
> Acting in the County of Wayne

---

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on the 29th day of July, 2025, a true and correct copy of this Verified Complaint, with all exhibits and affidavits, was served upon each named Defendant at their respective addresses via certified mail, return receipt requested.

By: Sotero M. Lopez III

Sotero M. Lopez III

18