UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SOTERO M. LOPEZ, III,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>Defendants. | Case No. 25-12674<br>Honorable Gershwin A. Drain<br>Magistrate Judge Elizabeth A. Stafford |

## ORDER TO SHOW CAUSE

Defendants Bank of America, N.A. and Merrill Lynch, Pierce, Fenner & Smith Incorporated removed this action from Wayne County Circuit Court under 28 U.S.C. §§ 1441 and 1446, claiming subject-matter jurisdiction under 28 U.S.C. § 1331.[1]  ECF No. 1.  Plaintiff Sotero M. Lopez, III, then moved "to compel processing of negotiable instruments into USD."  ECF No. 5.  The Honorable Gershwin A. Drain referred the motion to the undersigned.  ECF No. 6.  But this Court cannot provide the requested

---

[1] The Notice of Removal asserts that diversity jurisdiction also exists, presuming Lopez to be a Michigan citizen because he listed a post office box in Michigan as his mailing address.  ECF No. 1, PageID.5.  That is insufficient to establish that Lopez is a Michigan citizen and thus diversity jurisdiction has not been established.

1

injunctive relief if there is no subject matter jurisdiction over this case. *Vanderbilt Univ. v. Nat'l Lab. Rels. Bd.*, 759 F. Supp. 3d 812, 824 (M.D. Tenn. 2024).

A defendant may remove an action to federal court if federal subject matter jurisdiction exists.  28 U.S.C. § 1441(a).  "The removing party bears the burden of demonstrating federal jurisdiction, and all doubts should be resolved against removal."  *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).  Federal courts have original jurisdiction when an action "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal."  *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004).  And under the well-pleaded complaint rule, "federal questions triggering jurisdiction must appear amid the elements of the plaintiff's cause of action."  *Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 756 (E.D. Ky. 2014) (cleaned up).

If, after removal, "it appears that district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c). To invoke subject matter jurisdiction, Lopez would need to plead "a colorable claim 'arising under' the Constitution or laws of the United States."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).  And "federal courts lack subject-

matter jurisdiction when an asserted federal claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009) (cleaned up).  Although courts give a more liberal reading to pleadings filed by pro se litigants than to those drafted by lawyers, a pro se complaint still must plead facts showing that the Court has jurisdiction. *Christenberry v. White*, No. 3:20-CV-176-TAV-DCP, 2020 WL 6371174, at *3 (E.D. Tenn. Oct. 29, 2020).

Lopez's federal claims appear do not appear to be colorable.  He seeks $100,000,000.00 in damages and purports to assert five causes of action.  ECF No. 1-1, PageID.29.  But only two of them suggest they are brought under federal law.[2]

"Count I" is titled "Commercial Dishonor and Conversion" and is made under Michigan's Uniform Commercial Code. *Id.*, PageID.18.  While this

---

[2] Count II asserts a breach of fiduciary duty claim under Michigan law. *Id.*, PageID.20-22.  Count IV alleges state-law fraudulent concealment/misrepresentation claims under Michigan law. *Id.*, PageID.25-27.  Lopez's complaint includes a Count V titled, "Equitable and Injunctive Relief." *Id.*, PageID.27.  But equitable and injunctive relief are remedies, not independent causes of action. *FCA US LLC v. Bullock*, 446 F.Supp.3d 201, 207 (E.D. Mich. 2020).  Thus, these counts do not state a federal claim.

count references duties owed under "federal banking law," the only federal statutes identified in this count are 12 U.S.C. §§ 411, 412. *Id.*, PageID.18-20. Those statutes govern federal reserve banks and do not authorize a private right of action. *Brooks v. Freedom Mortg.*, No. 3:23-CV-01138, 2024 WL 2097415, at *3 (M.D. Tenn. Apr. 19, 2024), *adopted,* 2024 WL 2097226 (M.D. Tenn. May 9, 2024) ("There is no private cause of action under these statutory provisions.").

Count III is titled, "Privacy and Data Monetization Violations," and it seeks to assert state-law claims under Michigan statutes and Michigan's Constitution. *Id.*, PageID.24. This count also appears to assert a claim under "the Gramm-Leach-Bliley Act (GLBA) 15 U.S.C. § 6801 *et seq*." *Id.,* PageID.22. But the Gramm-Leach-Bliley Act does not provide for a private right of action. *Harkins v. Citizens Bank Nat. Ass'n*, 782 F.Supp.3d 26, 37 (W.D. N.Y. 2025); *Barnett v. First Premier Bank*, 475 F. App'x 174, 174 (9th Cir. 2012). Thus, this count does not state a federal claim.

By **October 9, 2025**, both sides must show cause why the action should not be remanded due to lack of subject-matter jurisdiction, given that Lopez has not plausibly alleged any federal claims.

Dated: September 23, 2025

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

4

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 23, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager