### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SOTERO M. LOPEZ III,
 Plaintiff,

v. Case No. 2:25-cv-12674-GAD-EAS
 Hon. Gershwin A. Drain
 BANK OF AMERICA, N.A., et al., Mag. Judge Elizabeth A. Stafford
 Defendants.

 _____/


### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff, appearing pro se, respectfully submits this Response to the Court's September 23, 2025 Order to Show Cause (ECF No. 8), and states as follows:

---

## I. INTRODUCTION

The Court directed both parties to show cause why this action should not be remanded for lack of subject-matter jurisdiction. Plaintiff respectfully submits that jurisdiction exists under **28 U.S.C. § 1331** because multiple claims arise under federal statutes that expressly provide a private right of action.

Defendants are national banks and affiliates subject to **federal banking law, Federal Reserve regulations, and consumer protection statutes**. Plaintiff's claims include violations of the **Equal Credit Opportunity Act ("ECOA"), Truth in Lending Act ("TILA"), Fair Credit Reporting Act ("FCRA"), and Right to Financial Privacy Act ("RFPA")**—each conferring standing on private litigants.

Because colorable federal questions exist, remand would be improper under **28 U.S.C. § 1447(c)**.

## II. LEGAL STANDARD

A case arises under federal law when a "well-pleaded complaint establishes that federal law creates the cause of action." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Federal courts lack jurisdiction only when claims are "so insubstantial, implausible, foreclosed

by prior decisions … or otherwise completely devoid of merit." *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 629 (2009).

The Sixth Circuit directs that all doubts be resolved against remand when a plaintiff asserts a colorable federal claim. *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007).

## III. FEDERAL CLAIMS ASSERTED

### A. Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 et seq.

ECOA prohibits creditors from refusing to extend credit or process instruments without legitimate grounds. Defendants rejected Plaintiff's negotiable instruments "by policy" without providing the reasons ECOA requires.

- **Private right of action**: *Mays v. Buckeye Rural Elec. Coop., Inc.*, 277 F.3d 873, 877 (6th Cir. 2002) (recognizing ECOA suits by consumers).

- Plaintiff is an "applicant" under ECOA because he tendered credit instruments for processing.

### B. Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq.

Defendants failed to disclose the basis of their refusal while simultaneously leveraging Plaintiff's instruments. TILA requires accurate disclosures in credit-related transactions.

- **Private right of action**: *Mourning v. Family Publications Serv., Inc.*, 411 U.S. 356, 364–65 (1973); *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 163 F.3d 948, 950 (6th Cir. 1998).

### C. Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.

Defendants transmitted, stored, and monetized Plaintiff's trust identifiers and instruments without authorization.

- **Private right of action**: *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 53 (2007) (consumers may sue for willful or negligent violations).

### D. Right to Financial Privacy Act (RFPA) and Fair Credit Reporting Act (FCRA)

**RFPA – 12 C.F.R. § 219.3.**
 This provision requires banks to preserve and protect customer financial records and restricts disclosure absent consent or proper process. Defendants violated RFPA not only by disclosing Plaintiff's trust financial records without authorization, but also by **using those records in**

**securitizations, internal profit-making activities, and commercial exploitation**. Such conduct contravenes RFPA's protections against unauthorized use of customer data.

**Private right of action**: See *Neece v. IRS*, 922 F.2d 573, 576 (10th Cir. 1990) (RFPA "provides customers … with a means of challenging unlawful disclosure of records").

**FCRA – 12 C.F.R. Part 1022 (Regulation V).**
 To the extent Defendants furnished or transmitted Plaintiff's trust identifiers, instruments, or related data to consumer reporting agencies or third parties for profit, they were subject to duties of accuracy, integrity, and permissible purpose. *12 C.F.R. § 1022.40.* The unauthorized monetization of Plaintiff's trust information violates FCRA's consumer protection framework and provides a private right of action. See *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 53 (2007).

By cross-reference, RFPA prohibits unauthorized use of financial records, while FCRA/Regulation V prohibits commercial misuse of consumer financial data. Defendants' conduct falls squarely within both statutory schemes, creating colorable federal questions.

## E. National Bank Duties, 12 U.S.C. §§ 24, 371, 1831

National banks are authorized to accept and clear negotiable instruments. Their refusal constitutes not only wrongful dishonor under the UCC but also a violation of federal banking law, enforceable through statutory causes of action above.

## IV. THE COURT HAS JURISDICTION UNDER 28 U.S.C. § 1331

Plaintiff's Complaint pleads federal statutes (ECOA, TILA, FCRA, RFPA) that independently create private rights of action. These are not insubstantial or foreclosed claims, but widely recognized statutory causes of action.

Even if certain counts sound in Michigan law (UCC or fiduciary duty), this Court retains **supplemental jurisdiction** under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy.

## V. ADDRESSING THE COURT'S CONCERNS

The Order to Show Cause noted reliance on 12 U.S.C. §§ 411–412 and the Gramm–Leach–Bliley Act, which lack private causes of action. Plaintiff clarifies that:

1.  Those statutes were pleaded for context, not as stand-alone causes.

2. The operative claims rest on ECOA, TILA, FCRA, and RFPA—all enforceable by private litigants.

3. Plaintiff respectfully requests leave to amend under Fed. R. Civ. P. 15(a)(2) if the Court deems the pleading inartfully drafted. The Supreme Court requires liberal amendment: *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## VI. REMAND WOULD BE IMPROPER

- **Federal claims are present.** Jurisdiction exists under § 1331.

- **National banks are federally regulated.** Uniform adjudication is required.

- **Supplemental jurisdiction applies.** Even state-law claims remain within this Court's power.

## VII. IMPLEMENTING FEDERAL REGULATIONS CONFIRM DEFENDANTS' DUTIES

The federal statutes pled are implemented through detailed regulations in the Code of Federal Regulations, which further establish Defendants' obligations as national banks and furnish the Court with a clear federal question:

1. **Equal Credit Opportunity Act (ECOA) – 12 C.F.R. Part 1002 (Regulation B).** Regulation B requires creditors to provide a written notice of adverse action with specific reasons when denying credit. *12 C.F.R. § 1002.9(a).* Defendants' refusal "by policy" without providing specific grounds violates this mandate.

2. **Truth in Lending Act (TILA) – 12 C.F.R. Part 1026 (Regulation Z).** Regulation Z requires creditors to clearly and accurately disclose the terms of credit transactions. *12 C.F.R. § 1026.5(a)(1).* Defendants failed to disclose the terms and implications of their refusal to process Plaintiff's instruments, contravening Regulation Z.

3. **Fair Credit Reporting Act (FCRA) – 12 C.F.R. Part 1022 (Regulation V).** Regulation V requires the accuracy and integrity of information furnished to consumer reporting agencies. *12 C.F.R. § 1022.40.* To the extent Defendants transmitted or monetized Plaintiff's trust identifiers or instruments, they violated these obligations.

4. **Right to Financial Privacy Act (RFPA) – 12 C.F.R. § 219.3.** This provision requires banks to preserve and protect customer financial records and restricts disclosure absent consent or proper process. Defendants violated RFPA not only

by disclosing Plaintiff's trust financial records without authorization, but also by **using and monetizing such records for their own profit**.

RFPA was enacted to prevent precisely this kind of abuse: banks leveraging customer financial data for gain without notice, consent, or legal process. See *Neece v. IRS*, 922 F.2d 573, 576 (10th Cir. 1990) (RFPA "provides customers … with a means of challenging unlawful disclosure of records"). By securitizing, transmitting, or otherwise profiting from Plaintiff's information, Defendants engaged in unauthorized commercial exploitation in direct contravention of RFPA protections.

5. **Federal Reserve Clearing and Bank Operations – 12 C.F.R. Part 210 (Regulation J) & 12 C.F.R. Part 7.**
   Regulation J governs the collection of checks, Fedwire transfers, and presentment of negotiable instruments by Federal Reserve member banks. Regulation 7 governs national bank operations. Defendants, as national banks, are required to process negotiable instruments under these rules. Their categorical refusal to process Plaintiff's duly tendered instruments is inconsistent with these federal regulations.

6. **OCC & Federal Reserve Regulations Confirm Safe, Authorized Processing.** National banks are expressly authorized to accept, discount, and process negotiable instruments under **12 C.F.R. §§ 7.1002, 7.1020**, pursuant to **12 U.S.C. § 24 (Seventh)**. Federal Reserve rules, including **12 C.F.R. Part 210 (Regulation J)** and **12 C.F.R. Part 229 (Regulation CC)**, authorizes the clearing and settlement of such instruments. Treasury regulations further require depository banks to process obligations into USD without risk. See **31 C.F.R. Part 202**. These frameworks ensure that banks suffer no loss—in fact, they profit—when processing instruments, particularly when tendered "without recourse" as here. Refusal to process therefore contradicts federal law and undermines the uniform system of national banking Congress created.

Accordingly, Plaintiff's claims are firmly grounded not only in federal statutes but in their implementing regulations, further confirming that this case arises under federal law within the meaning of **28 U.S.C. § 1331**.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court find federal subject-matter jurisdiction exists and that this action not be remanded to Michigan state court. In the alternative, Plaintiff requests leave to amend to make explicit the federal statutory bases already implicated in the Complaint.

Respectfully submitted,
Dated: September 30, 2025

/s/ **Sotero M. Lopez III**
Plaintiff, Pro Se
Trustee & Executor, Sotero Montellano Lopez Estate Revocable Trust
℅ P.O. Box 40261
Redford Charter Township, MI 48240
Tel: (586) 565-0977

---

### CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2025, I electronically filed the foregoing *PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE* with the Clerk of the Court using the United States District Court for the Eastern District of Michigan's Pro Se e-filing portal.

I further certify that a true and correct copy of the foregoing was served via electronic mail on Defendants' counsel of record:

**Dykema Gossett PLLC**
By: /s/ Omar R. Seifeldin
**Omar R. Seifeldin (P88118)**
Attorneys for Defendants Bank of America, N.A. and Merrill Lynch, Pierce, Fenner & Smith, Inc.
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304
Tel: (248) 203-0530
Email: oseifeldin@dykema.com

---

Dated: September 30, 2025

Respectfully submitted,

**/s/ Sotero M. Lopez III**
Plaintiff, Pro Se
Trustee & Executor, Sotero Montellano Lopez Estate Revocable Trust
℅ P.O. Box 40261
Redford Charter Township, MI 48240
Tel: +1(586) 565-0977